**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Fusion Orthopedics USA LLC,<br>Plaintiff,<br>v.<br>Jeff Golden, et al.,<br>Defendants. | No. CV-26-07831-PHX-SHD<br>**STIPULATED ORDER** |

Good cause appearing,

**IT IS ORDERED** granting the parties' Stipulation (Doc. 27) resolving Plaintiff's Emergency Motion for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction, (the "TRO Motion"), (Doc. 16).

**IT IS FURTHER ORDERED** as follows:

1. Parties Bound. This Stipulated Order binds each of the named defendants except Grace Grogan and Nicholas Edmondson in this case (collectively, "Defendants"), directly or indirectly, and, under Federal Rule of Civil Procedure 65(d)(2), each Defendant's officers, agents, servants, employees, and attorneys.

2. Return of Fusion Property. Within ten (10) days after the Court enters this Stipulated Order, Defendants will return to Plaintiff Fusion Orthopedics USA, LLC ("Fusion") all Fusion owned property, including inventory, instruments, trays, implants, marketing materials, designs, inventions, concepts, samples, prototypes, part numbers, and intellectual property in their possession, custody, or control ("Property").

(a) Defendants will return all such Property whether any Defendant claims an interest in it. Any claim a Defendant asserts to that Property, including but not limited to any claim relating to offset, security, or commissions, is expressly preserved.

(b) Defendants will return the Property to Fusion at 6859 E. Rembrandt Ave., Suite 122, Mesa, Arizona 85212, using shipping labels Fusion provides not later than one (1) business day after the Court enters this Stipulated Order, or will make it available for pickup by Fusion at a mutually agreed-upon time and place.

(c) For Property on consignment or otherwise located at a hospital, surgery center, or other facility, Defendants will, within the same ten (10) days, provide to Fusion the identity of the person or entity holding Property, and will make a good-faith effort to cooperate in its transfer.

4. <u>No Sales or Billing</u>. Defendants will not sell, bill, or otherwise distribute any Property.

5. <u>No Holding Out</u>. Defendants will not represent to any third party that they are authorized Fusion representatives, distributors, or agents, or that they are presently affiliated with Fusion.

6. <u>No Use of Fusion's Marks</u>. Defendants will not use Property with the Registered Marks, the licensed marks, or the common-law trademark rights described in Paragraphs 33, 34, and 35 of Fusion's First Amended Complaint ("FAC") [Dkt. No. 14].

7. <u>Acceptance of Service</u>. Defendants' counsel accepts service of the summons and FAC on behalf of each Defendant who has not been served as of the date the parties' execution of the Settlement Term Sheet, and service of process will be deemed effective on that date. Defendants will answer or otherwise respond to the FAC **within thirty (30) days** after the Court enters this Stipulated Order.

8. <u>State Court Action</u>. **Within five (5) days** after entry of this Stipulated Order, Plaintiffs Ortho Max, Inc. and Jeff Golden ("Plaintiffs") in *Golden v. Fusion Orthopedics USA, LLC*, Maricopa County Superior Court, Case No. CV2026-053071, will file a

stipulation dismissing that action without prejudice. Plaintiffs may assert the claims pleaded in that action as counterclaims in this action.

9. TRO Motion and Hearing. The Hearing to consider the TRO Motion set for November 17, 2026, at 1:30 p.m., is **vacated**. The Court deems the TRO Motion (Doc. 16) withdrawn without prejudice. Fusion may renew the TRO Motion, or seek other relief, if any Defendant violates this Stipulated Order or if any representation provided by or on behalf of any Defendant is materially false or incomplete.

10. Enforcement. The Court retains jurisdiction to enforce this Stipulated Order. A violation of this Stipulated Order may be enforced by contempt and any other remedy available to the Court, and any party will be entitled to recover its, his, or her reasonable attorneys' fees and costs incurred in enforcing it.

11. Duration. This Stipulated Order remains in effect until entry of final judgment in this action or further order of the Court.

12. No Waiver; No Admission. This Stipulated Order is without prejudice to any party's claims, defenses, and damages in this action, and is not an admission of liability by any party.

Dated this 11th day of November, 2026.

Honorable Sharad H. Desai
United States District Judge